IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JULIO MUNOZ**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>    Plaintiff,<br> v.<br><br>**ATLANTIC AIR CONDITIONING & HEATING, INC.**, an Illinois corporation, **LUIS NAVA**, individually, and **BLANCA NAVA**, individually,<br><br>    Defendants. | Civil Action<br><br><br><br><br>No.<br><br><br><br><br><br>JURY DEMAND |

## COMPLAINT

By and through his attorneys of record and on behalf of himself and all other employees similarly situated, known and unknown, the plaintiff, **JULIO MUNOZ** (the "Plaintiff"), hereby complains of the defendants, **ATLANTIC AIR CONDITIONING & HEATING, INC.** ("ATLANTIC"), an Illinois corporation, **LUIS NAVA** ("LUIS"), individually, and **BLANCA NAVA** ("BLANCA"), individually, (collectively the "Defendants"). Pleading hypothetically and in the alternative, the Plaintiff alleges as follows:

### I. INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiff, and to other similarly situated employees of the Defendants (the "Collective"). The Plaintiff routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay him time-and-one-half overtime

compensation for the hours they worked in excess of 40 as the FLSA requires. Upon information and belief, the Defendants failed and refused to pay the Collective time-and-one-half overtime compensation for the hours they worked in excess of 40 as well. In Count I, the Plaintiff brings a claim pursuant to Section 216(b) of the FLSA.

2. In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*. The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

## II.  THE PARTIES

3. The Plaintiff is an individual domiciled in the State of Illinois, and resides within the Northern District of Illinois.

4. Upon information and belief, the following, individual defendants are domiciled in Illinois and reside within this judicial district; a) LUIS; b) BLANCA.

5. Upon information and belief, at all times relevant to this action, the following individuals hold/held an ownership interest in ATLANTIC: a) LUIS; b) BLANCA.

6. Upon information and belief, at all times relevant to this action, the following individuals exercise/exercised significant control over ATLANTIC's day-to-day operations: a) LUIS; b) BLANCA.

7. At all times relevant to this action, the following individuals are were corporate officers of ATLANTIC: a) LUIS; b) BLANCA.

### III. JURISDICTION AND VENUE

8.  Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

9.  Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

10. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within Northern District of Illinois.

11. Further, venue is proper pursuant to 28 U.S.C. § 1391, as ATLANTIC maintains/maintained its principal office at 1723 N. 25th Avenue, Melrose Park, Illinois, 60160, which address is within Northern District of Illinois.

### IV. STATUTORY CONSENT

12. The Plaintiff brings this case as a collective action under the FLSA on behalf of himself and the Collective, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action (attached as **Exhibit A**).

### V. GENERAL ALLEGATIONS

13. At all times relevant to this action, the Defendants, and each of them, are/were the Plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants act/acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

14. At all times relevant to this action, the Defendants, and each of them, are/were the Plaintiff's "employer", within the meaning of Section 3(c) of the IMWL in that the Defendants act/acted directly or indirectly in the interest of the "employer" in

relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

15. At all times relevant to this action, the Defendants, and each of them, operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA (the "Enterprise").

16. At various times relevant to this action, the Enterprise operates/operated a heating and air conditioning business serving commercial and residential customers in Illinois.

17. Upon information and belief, the Enterprise may operate, and may have operated, additional establishments in Illinois.

18. Upon information and belief, the several establishments operated by the Enterprise are/were managed by the same personnel, indicating common control.

19. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

20. At all times relevant to this action, the members of the Collective are/were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

21. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(d) of the IMWL.

22. During the course of his employment by the Defendants, the Plaintiff handled goods that moved in interstate commerce including but not limited to refrigerants such as Freon, cleaning solvents and hardware.

23. During the course of their employment by the Defendants, the Collective handles/handled goods that moved in interstate commerce including but not limited to refrigerants such as Freon, cleaning solvents and hardware.

24. During the course of their employment by the Defendants, the Plaintiff and the Collective are/were not exempt from the overtime wage and minimum wage provisions of the FLSA.

25. During the course of their employment by the Defendants, the Plaintiff and the Collective are/were not exempt from the overtime wage and minimum wage provisions of the IMWL.

26. The Plaintiff was employed by one or more of the Defendants from about July 1, 2005, until about January 31, 2007.

27. The Defendants routinely and as a matter of practice and policy required the Plaintiff to work more than 40 hours per week, but then failed and refused to pay him overtime compensation at the requisite statutory rates.

28. Upon information and belief, the Defendants routinely and as a matter of practice and policy required the Collective to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

## COUNT I
### (Violation of the FLSA)

29. The Plaintiff hereby re-alleges the foregoing allegations.

30. The Defendants violated the FLSA by:

    a. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which he was employed; and

    b. failing to provide the Plaintiff with pay stubs that listed his hourly wage rate and the number of hours he worked each week.

31. Upon information and belief, the Defendants also violated the FLSA by:

    a. failing to pay the Collective for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were/are employed; and

    b. failing to provide the Collective with pay stubs that list/listed their respective hourly wage rates and the respective number of hours they worked each week.

32. The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

33. The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the Plaintiff, on behalf of himself and the Collective, prays for judgment in his favor and against the defendants, **ATLANTIC**, **LUIS**, and **BLANCA**, and each of them, and for the following relief:

    A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the

plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory liquidated damages as allowed by the FLSA;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection;

E. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

34. The Plaintiff hereby re-alleges the foregoing allegations.

35. The Defendants violated the IMWL by;

   a. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which he was employed; and

   b. failing to provide the Plaintiff with pay stubs that listed his hourly wage rate and the number of hours they worked each week..

36. The Defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

37. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE the Plaintiff prays for judgment in his favor and against the defendants, **ATLANTIC**, **LUIS**, and **BLANCA**, and each of them, and for the following relief:

   A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal

to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory punitive damages as allowed by the IMWL;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## COUNT III
### (IWPCA and AFWAA claims)

38. The Plaintiff hereby re-alleges the foregoing allegations.

39. The Defendants violated the IWPCA by:

    a. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

    b. failing to pay the Plaintiff certain wages either weekly or biweekly; and/or

    c. failing to pay the Plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE the Plaintiff prays for judgment in his favor and against the defendants, **ATLANTIC**, **LUIS**, and **BLANCA**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid wages (including but not limited to overtime compensation) due and owing to the Plaintiff for each hour the Plaintiff worked but for which the defendants failed to pay the Plaintiff at a rate equal to the regular rate at which the Plaintiff was employed (and as applicable, one-and-one-half times the regular rate at which the Plaintiff was employed – for those hours over 40 in any given workweek);

8

B. an order commanding the Defendants to pay the Plaintiff and all unpaid wages (including but not limited to overtime compensation) due and owing to the Plaintiff for each hour the Plaintiff worked but for which the defendants failed to pay the Plaintiff at a rate equal to the regular rate at which the Plaintiff was employed (and as applicable, one-and-one-half times the regular rate at which the Plaintiff was employed – for those hours over 40 in any given workweek);

C. interest on all amounts awarded;

D. reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## JURY DEMAND

The Plaintiff hereby demands trial by jury of all issues set forth herein that are capable of being tried by a jury.

Roy P. Amatore, Esq.  
Paul Luka, Esq.  
AMATORE & ASSOCIATES, P.C.  
120 S. State Street · Suite 400  
Chicago, IL 60603  
312.236.9825 (tel.)

Respectfully submitted,

 /s/Paul Luka  
PAUL LUKA

# EXHIBIT A

## **CONSENT TO BE A PARTY PLAINTIFF**

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against ATLANTIC A/C & HEATING, INC. and any other who may have employed him in conjunction with said person (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

_____
Julio Muñoz